**Opinion issued September 27, 2012**



In The

# Court of Appeals

For The

## First District of Texas

———————————

## NO. 01-12-00469-CV

———————————

## IN RE JOHN P. ROSS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relator, John P. Ross, has filed a petition for writ of mandamus, challenging the trial court's order sustaining a contest to his Affidavit of Inability to Pay Costs.[1]

A trial court's order sustaining a district clerk's contest to an affidavit of indigence is generally an interlocutory order for which there is no right of appeal.

---

[1] The underlying trial court case is styled *Ross v. Ross*, in the 309th District Court, Harris County, Texas, No. 2012-18195, the Honorable Sheri Dean presiding.

*Jackson v. North Forest Indep. Sch. Dist.*, No. 01–10–00010–CV, 2012 WL 246052, at *3 n.7 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012) ("Prior to the entry of this final dismissal order, the trial court had not entered an appealable order.") (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon Supp. 2011)); *Jones v. Perez*, No. 01–11–00669–CV, 2011 WL 6147787, at *1 (Tex. App.—Houston [1st Dist.] Dec. 8, 2011, no pet.) (mem. op.) ("The trial court's order sustaining the district clerk's contest to appellant's affidavit of indigence is an interlocutory order. Appellant cites no authority, and we have found none, providing for an interlocutory appeal to be taken from this order."); *see also Yarbrough v. Tex. Bd. of Pardons and Paroles*, No. 01–10–00335–CV, 2011 WL 3839712, at *1 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) ("We may review a challenge to an order sustaining a contest to an affidavit of indigence only when it is made as part of a pending appeal from a final judgment or other appealable order."); *Aguilar v. Tex. La Fiesta Auto Sales LLC*, No. 01–08–00653–CV, 2009 WL 1562838, at *l–2 (Tex. App.—Houston [1st Dist.] June 4, 2009, no pet.) (mem. op.) (dismissing appeal of order sustaining contest to affidavit of indigence for trial court costs).  However, if the trial court ultimately dismisses Ross's lawsuit, he will then be able to appeal the trial court's order sustaining the contest to his affidavit of inability.  *Jackson*, 2012 WL 246052, at *3.

We do not hold that an order sustaining a contest would never be reviewable by mandamus, although we note that our sister court has generally indicated that such review is not available. *See In re Kastner*, No. 14–09–00653–CV, 2009 WL 3401867, at *1–2 (Tex. App.—Houston [14th Dist.] Sep. 3, 2009, orig. proceeding [mand. denied]) (stating that when "trial court has sustained a contest to an affidavit of indigence filed pursuant to Texas Rule of Civil Procedure 145, the court typically dismisses the case, finding the allegation of poverty is false and/or the case is frivolous" and, thus, "legislature has provided a procedure for appellate review of indigence claims" and relator had failed to demonstrate that appeal was inadequate); *see also Aguilar*, 2009 WL 1562838, at *1 n.1 (stating that we "express[ed] no opinion about whether the trial court's order [was] reviewable by petition for a writ of mandamus"). Rather, we conclude that nothing in the record before us demonstrates that Ross lacks an adequate remedy by appeal or that mandamus relief is warranted. Accordingly, we **deny** the petition for writ of mandamus.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.