**Dismissed and Memorandum Opinion filed October 16, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00520-CV

---

### JEFFREY YATES, Appellant

### V.

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2014-24147**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order sustaining a contest to appellant's affidavit of indigence signed July 31, 2014. The clerk's record was filed September 16, 2014. The record reflects that the trial court has not signed a final judgment in this case.

On September 17, 2014, this court notified appellant that the appeal was subject to dismissal for want of jurisdiction unless he filed a response demonstrating that the trial court has signed a final appealable order. In response,

appellant filed a motion to abate the appeal until the trial court signs a final judgment in the case below. A prematurely filed notice of appeal is effective to perfect an appeal. *See* Tex. R. App. P. 27.1(a). Although we have the option to allow an appealed order that is not final to be modified so as to be made final and appealable, *see* Tex. R. App. P. 27.2, given the procedural posture of this case, we decline to exercise our discretion to abate the appeal.

Generally, appellate courts have jurisdiction to review a trial court's rulings only after entry of a judgment finally disposing of the case. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998). An interlocutory order sustaining a contest to an affidavit of indigence for payment of trial court costs is not appealable. *See In re Ross*, 394 S.W.3d 262, 263 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Accordingly, the appeal is ordered dismissed without prejudice to filing a new appeal after a final judgment has been signed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Busby.